## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of<br><br>Clifford Cheah King Mun and Maso Capital Investments Limited<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 22-mc-00243-MN |

### PETITIONERS' NOTICE OF SUBSEQUENT AUTHORITY

Pursuant to Local Rule 7.1.2(b), Petitioners Clifford Cheah King Mun and Maso Capital Investments Limited ("Petitioners") respectfully submit as subsequent authority the attached decision of the Cayman Islands Court of Appeal ("CICA") in *In the Matter of the Companies Act (2016 Revision) and In the Matter of Trina Solar Limited*, CICA (Civil) Appeal No. 009 of 2021, dated May 4, 2023 ("Decision"). The Decision concerns an appeal of the Grand Court of the Cayman Islands decision in *Re Trina Solar*, FSD 92 of 2017 (Unreported, 23 September 2020), discussed in paragraph 27 of the First Declaration of Mark Chudleigh ("First Chudleigh Decl."), D.I. 4, and appended to the First Chudleigh Decl. as Ex. 22, D.I. 4-22.[1] The Decision supports the Petitioners' Application to take discovery from Evercore Inc., which through its subsidiary Evercore Partners International LLP served as the financial advisor to the purportedly independent transaction committee charged with evaluating the merger, in at least two ways.

*First*, the CICA emphasized the importance of broad-ranging discovery in a merger appraisal case. In particular, it held that:

---

[1] As explained by Mr. Chudleigh, decisions of the Cayman Islands courts are considered persuasive authority by the Bermuda Courts. First Chudleigh Decl. ¶ 23 (noting that both Bermuda and the Cayman Islands are Overseas British Territories and offshore financial centers).

> In order to determine fair value, the court needs to have all the relevant information. This will include, amongst other matters, . . . generally all communications with the financial advisers employed by the special committee. . . . *All of this information will primarily be in the hands of the company and its financial advisers*.

Decision ¶¶ 256-57 (emphasis added); *see also id.* ¶ 145 (noting that "the relevant communications with the financial advisers" are of "fundamental importance"). This is precisely the type of discovery sought by Petitioners here.

*Second*, the Decision supports Petitioners' position that discovery as to deal process is highly relevant to the Bermuda Court's determination of fair value in the Appraisal Proceeding. *See* First Chudleigh Decl. ¶¶ 26-28; Second Declaration of Mark Chudleigh, D.I. 20, ¶¶ 23-30. As Mr. Chudleigh explained, the Grand Court in *Re Trina Solar* relied on deal process related factors when assessing what weight to give the company's merger price in determining fair value. First Chudleigh Decl. ¶ 27. The CICA parted with the Grand Court and determined that no reliance should have been placed on the merger price. In doing so, it upheld the Grand Court's reliance on deal process evidence, which the CICA found reflected serious process deficiencies. Accordingly, the CICA explained that an analysis of deal process is necessary to determine "which weight can be placed on the merger price as evidence of fair value." Decision ¶¶ 137, 148. In particular, the CICA held that discovery as to deal process is even more important where there is the potential for asymmetry of information between the buyer and minority shareholders, such as in a management buyout:

> In such circumstances, there must, in my judgment, be heightened scrutiny in order to ensure that there is a realistic and fair opportunity for alternative bidders. Inevitably, in a management buyout, there is considerable scope for management to acquire the company on the cheap because of their detailed knowledge of the company as compared with the knowledge of ordinary shareholders and other potential bidders…
>
> … in my view, it is of fundamental importance, particularly in a management buyout, that companies give full disclosure of all documents relating to the sale

2

> process (including the market check) and the relevant communications with the financial advisers.  In management buyout, the buyer holds all the cards because of its detailed knowledge of the company's position and there is a need to ensure a fair process, which requires the company to be entirely open.

Decision ¶¶ 140, 145.  Here, there is a similar asymmetry of information between the buyer and the minority shareholders.  Jardine Strategic Holdings Limited was taken private in a compulsory purchase by its majority shareholder Jardine Matheson Holdings Limited, whose shareholding was sufficient to consummate the merger regardless of how company's minority shareholders voted (and despite that a majority of the minority shareholders voted against the merger).  *See* First Chudleigh Decl. ¶¶ 13, 18.

Therefore, Petitioners respectfully submit that the *Trina Solar* decision further supports their application for discovery under 28 U.S.C. § 1782, and request that their application be granted.

Dated: May 24, 2023

Respectfully submitted,

By: */s/  Mark D. Richardson*

Mark D. Richardson (Bar No. 6575)
LABATON SUCHAROW LLP
222 Delaware Avenue, Suite 1510
Wilmington, DE 19801
Telephone: (302) 573-2540
mrichardson@labaton.com

Duane L. Loft
Melissa J. Kelley
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
duane.loft@pallasllp.com
melissa.kelley@pallasllp.com

Ira A. Schochet
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0864
Facsimile: (212) 883-7064
ischochet@labaton.com

Minyao Wang
REID COLLINS & TSAI LLP
420 Lexington Avenue
Suite 2731New York, NY 10170
Telephone: (212) 344-5200
Facsimile: (212) 344-5299
mwang@reidcollins.com